IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE NEWLIN,

    Plaintiff,

v.                                                                   CIV 13-0507 KBM/RHS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, an ILLINOIS CORP.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Allstate Property and Casualty Insurance Company's ("Allstate's") Motion to Dismiss Under the First-To-File Rule Or, in the Alternative, for Improper Venue (*Doc. 5*), filed June 7, 2013. Having reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motion is well-taken and will be granted. Accordingly, Plaintiff's declaratory relief action against Allstate will be dismissed without prejudice.

### I.    BACKGROUND[1]

On or about August 24, 2012, Plaintiff Joyce Newlin ("Plaintiff") was involved in an automobile accident with another driver in a parking lot in Santa Fe, New Mexico ("the Accident"). At the time of the Accident, Plaintiff was driving her 2009 Mercedes Benz, one of the vehicles insured under Arizona Allstate

---

[1] In deciding the present motion to dismiss, the Court has accepted as true all well-pleaded factual allegations regarding venue and has resolved all factual conflicts in Plaintiff's favor.

policy number 9 38 539594 ("the Policy").  The Policy was written in Arizona and was issued to Kenneth Fitschen.  Plaintiff and Mr. Fitschen paid separate uninsured/underinsured motorist ("UIM") premiums for each of two automobiles covered by the Policy.  At the time the Policy was issued, Plaintiff was a named insured and had a primary residence of Phoenix, Arizona.  However, at the time of the Accident, Plaintiff was residing in New Mexico.

As a result of the Accident, Plaintiff, who had a fragile spine, sustained great bodily injury, underwent spinal surgery, and incurred medical costs and fees in excess of $170,000, with medical care still ongoing.

In late March 2013, Plaintiff's counsel asked Allstate to permit Plaintiff to stack the UIM coverage on the two vehicles covered by the Policy.  In response to this request, Plaintiff's counsel received a call from Allstate's adjuster, Drew Schowengardt, on or about April 9, 2013, advising that Allstate needed time to research the stacking issue with respect to New Mexico law.  On or about April 17, 2013, Mr. Schowengardt once again indicated to Plaintiff's counsel that he was still researching the stacking issue and needed more time.

Five days later, on or about April 22, 2013, Allstate paid Plaintiff the other driver's liability policy limits of $50,000 as well as $100,000 under her single limits UIM coverage.  Allstate also paid Plaintiff $100,000 under the Policy's medical payment coverage.  Combined, Plaintiff was paid $250,000 by Allstate.  Plaintiff contends, however, that this amount does not adequately compensate her for her losses, injuries, and past, present and future pain and suffering.

## II. PROCEDURAL HISTORY

Two declaratory relief actions have arisen out of the Accident. First, on April 29, 2013, Allstate filed a declaratory judgment action against Plaintiff, *Allstate v. Newlin*, 13cv0863 BSB, in the United States District Court for the District of Arizona. Allstate's Complaint in the District of Arizona requests declaratory relief finding that Arizona law governs the interpretation of the Policy as it relates to the Accident. Plaintiff has moved to dismiss that action, urging the District of Arizona to either dismiss the suit based upon the parallel proceeding in New Mexico or to transfer the case to New Mexico under 28 U.S.C. § 1404(a). *Allstate v. Newlin*, 13cv0863 BSB, *Doc. 12* (D. Ariz. 2013).

Second, on May 3, 2013, Plaintiff filed her own Complaint for Declaratory Relief in the First Judicial District, County of Santa Fe, State of New Mexico. Allstate then removed the matter to this Court on May 31, 2013. In the instant action, Plaintiff seeks declaratory relief determining that New Mexico UIM stacking law applies to the Accident, ordering Allstate to reform the Policy to bring the UIM limits to $250,000 per person, and permitting Plaintiff to stack all three Arizona policies so that she may collect a total of $750,000 in UIM coverage minus the $250,000 already paid by Allstate.

## III.   ANALYSIS

Allstate asks the Court to dismiss Plaintiff's declaratory judgment action under the first-to-file rule. Under the first-to-file rule, the first federal court that obtains jurisdiction over the issues and the parties has priority, and the second court may decline jurisdiction. *See Buzas Baseball, Inc. v. Bd. of Regents of*

*Univ. Sys. of Ga.*, 189 F.3d 477 (10th Cir. 1999).  Jurisdiction over the parties and issues attaches at the filing of the complaint.  *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).  There is no dispute here that Allstate filed its complaint in the District of Arizona before Plaintiff filed her Complaint in this Court.  Thus, the action in the District of Arizona is the first-filed action for purposes of the first-to-file rule.

The Tenth Circuit has cautioned that federal courts "as courts of coordinate jurisdiction and equal rank, . . . must be careful to avoid interfering with each other's affairs in order 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"  *Buzas Baseball, Inc.*, 189 F.3d at *2 (quoting *Suttler Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).  The first-to-file rule does not necessarily dictate that the first court to obtain jurisdiction decides the merits of the case; however, it *does* dictate that it be allowed to first decide issues of venue.  *Hospah*, 673 F.2d at 1164.  Accordingly, under the first-to-file rule the District of Arizona must decide the proper venue for providing declaratory judgment relief to the parties.

Plaintiff, in her Corrected Response in Opposition to Allstate's Motion to Dismiss or Transfer, argues that the first-to-file rule should not be applied because Allstate used "deception and subterfuge" to achieve first-to-file status in the District of Arizona.  *Doc. 12* at 4-5.  More specifically, Plaintiff argues that Allstate deceptively requested additional time to research the stacking issue, knowing that Plaintiff's counsel intended to file suit in New Mexico but had

4

agreed to wait until Allstate could complete its research.  In support, Plaintiff submits the Affidavit of Christa M. Okon, her legal counsel in this matter.  Ms. Okun relates various conversations that she had with Allstate's adjuster, Drew Schowengerdt.  According to Ms. Okun's affidavit, Mr. Schowengerdt advised her on more than one occasion that Allstate needed time to research the stacking issue.  Based upon these explanations by Mr. Schowengerdt, and the belief of Plaintiff's counsel that Allstate would contact her after completion of its research, Plaintiff argues that application of the first-to-file rule is "unjust and inappropriate."

Yet neither Ms. Okun nor Plainifff has indicated that they were expressly assured by Allstate that it would *not* file suit seeking declaratory relief.  Instead, Ms. Okun states that she "was *led to believe* that Mr. Schowengerdt would call and let [her] know what conclusion Allstate had reached with respect to the issue." *Doc. 10, Ex. 2*, at ¶ 19 (emphasis added).  This conclusory statement by Plaintiff's counsel lacks a factual foundation giving rise to the subjective belief of Plaintiff's counsel.  Moreover, Ms. Okun's affidavit does not indicate that she or her client were precluded from filing suit during the period of time that Allstate's engaged in research of the stacking issue.

Further, approximately five days after Mr. Schowengerdt advised Plaintiff's counsel that he was "still researching the stacking question," Allstate paid Plaintiff $100,000 under her single limits UIM coverage, rather than the stacked amount that Plaintiff had requested from Allstate.  At minimum, this payment, which was received by Plaintiff *before* Allstate filed its declaratory judgment action in the

District of Arizona, should have alerted Plaintiff that Allstate did not agree that she was entitled to stacked UIM coverage under the Policy and that a formal legal action may be necessary.  Under these circumstances and given Plaintiff's notice that Allstate did not agree that she was entitled to stacked UIM coverage, the Court cannot find that Allstate used deception and/or subterfuge in achieving its first-to-file status.

Plaintiff has not provided any controlling legal authority to support her position that the first-to-file rule is inapplicable or unjust under the circumstances here.  Instead, she references a District of Rhode Island case, *S.W. Industries, Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987), and characterizes the first-to-file rule as a mere "preference" that can be overcome by a showing of a balance of convenience in favor of the second-filed action.  *Doc. 12 at 5.*

In *S.W. Industries, Inc.*, the court reasoned that the "applicability of the first-filed rule . . . turns on two subsidiary inquiries:  whether any special circumstances require deference to the later-filed action; or whether the balance of convenience favors the later-filed action."  *S.W. Inds.*, *Inc.*, 653 F. Supp. at 634.  Plaintiff argues that the Court should weigh the equities and convenience factors here in deciding whether the first or second-filed action should enjoy priority.   As discussed herein, however, Plaintiff has not demonstrated that Allstate used deception or subterfuge to achieve its first-to-file statute.  Moreover, it would be contrary to established Tenth Circuit case law for this Court to engage in a balancing of convenience factors in determining whether to apply the first-to-

6

file rule. In this circuit, the first-to-file rule leaves the balancing of convenience factors and venue determinations to the jurisdiction where the first action was filed. *See Hospah Coal Co.*, 673 F.2d at 1164*; see also Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir.1982) ("normally the forum non conveniens argument should be addressed to the court in the first-filed action"). Thus, even if Plaintiff's venue arguments have merit, this Court is not the appropriate forum to entertain such arguments. Rather, the first-to-file rule dictates that venue be litigated first in the District of Arizona.

While the District of Arizona may not ultimately decide the merits of this matter, depending upon its determination as to venue and its analysis under 28 U.S.C. §1404, the present action must necessarily give way to the District of Arizona's priority in determining venue.

**Wherefore,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (*Doc. 5*) be, and hereby is, **granted** and that Plaintiff's claims are **dismissed without prejudice**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent of the Parties